UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| STEVEN DUKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO: |
| | ) |
| TOYOTA MOTOR MANUFACTURING INDIANA, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.   NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Steven Dukes ("Dukes"), by counsel, against Defendant, Toyota Motor Manufacturing Indiana, ("Defendant"), for its discriminatory actions against him based on his disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et. seq. ("ADA"), and for its additional retaliatory actions taken towards him after he engaged in protected activities in further violation of the ADA. Dukes also alleges retaliation under Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e et. seq., for retaliatory actions taken towards him after he engaged in protected activity and complained about sexual harassment occurring within Defendant's facility.

**II.   PARTIES**

2. At all times relevant to this action, Dukes resided within the Southern District of Indiana.

3. The Defendant is a corporation that conducts business in the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331, 42 U.S.C. § 2000e-5(f)(3) and 42 U.S.C. § 12117.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. § 2000e(b) and 42 U.S.C. § 1211(5)(A).

6. Dukes is an "employee" as that term is defined by 42 U.S.C. § 2000e(f) and 42 U.S.C. § 12111(4).

7. Dukes is a qualified individual with a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2)(c).  At all relevant times, Defendant had knowledge of Dukes' disability and/or it regarded Dukes as being disabled and/or Dukes has a record of being disabled.

8. Dukes exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission.  Dukes received his Notice of Suit Rights for the Charge of Discrimination and timely files this action.

9. All events pertinent to this lawsuit have occurred in the legal environs of the Southern District of Indiana, thus venue in this Court is proper.

### IV. FACTUAL ALLEGATIONS

10. Dukes was initially hired by Defendant on or about December 10, 2014 into the highly coveted position of Group Leader upon his discharge from active military service.

11. During all relevant time periods during his employment, Dukes believes he met or exceeded the Defendant's legitimate performance expectations.

12. Dukes suffers from recognized disabilities which affect major life activities such as standing, walking and aspects of mental health and states Defendant was made aware of his disabilities upon his hiring.

13. At the time of hire, Dukes was hired along with four (4) other individuals who were also recent active military veterans and all were directly hired into the highly coveted Group Leader positions with Defendant.

14. Immediately upon hire Dukes was harassed due to his disabilities by other Group Leaders and employees of the Defendant who were not happy that Dukes was hired directly into the coveted Group Leader position without first having to spend substantial time as a regular Team Member as other employees of Defendant were required to complete prior to being placed into a Group Leader position.

15. Sam Sanders, ("Sanders") another Group Leader with Defendant actively refused to train Dukes as he was instructed and made disparaging remarks to Dukes about his disabilities and the way he was hired by Defendant.

16. Dukes specifically addressed discriminatory and harassing treatment with Sanders pursuant to Defendant's Team Member handbook and Sanders responded by throwing the book back at Dukes while stating, "we don't follow this here."

17. Dukes' immediate supervisor Joe Mitchell ("Mitchell"), an Assistant Manager for Defendant made regular disparaging remarks about Dukes' disability referring to him on multiple occasions as a "diversity" hire.

18. Dukes states in mid-2016 he engaged in protected activity and complained to Mitchell about the discriminatory and harassing treatment he was being subjected to and also complained to Teri Duncan ("Duncan"), a Human Resources Representative for Defendant.

19. In the fall of 2016, Dukes witnessed extreme discrimination against a Team Member named Jeremy Clairday ("Clairday"), by Clairday's actual direct supervisor, Todd Allen ("Allen") and other employees of Defendant. Dukes witnessed Allen make discriminatory comments towards Clairday after his return to work from leave under the Family and Medical Leave Act. Allen regularly referred, and permitted his co-workers to refer to Clairday as "Jeremy Anklestein" and "Sprankles" and Dukes actually viewed a job assignment board one day where Clairday's name had been marked out and "Sprankles" had been written in its place.

20. Dukes once again engaged in protected activity and complained to Mitchell and Duncan about the treatment he had seen Clairday subjected to by Allen and other co-workers.

21. Dukes engaged further in protected activity and complained that Clairday was being subjected to discriminatory treatment due to his disability after he was informed by another co-worker that Allen had instructed that co-worker to watch Clairday very closely and report any issues in an attempt to get Clairday's employment terminated.

22. On or about October of 2016, Dukes engaged in protected activity and complained about rampant sexual harassment that was occurring within the facility. In response, Dukes was informed by his Manager--Al Zigler that he needed to quit complaining to Human Resources about discrimination and harassment issues because "he was becoming a problem."

23. Dukes continued to oppose illegal discriminatory, retaliatory and sexually harassing conduct which was being permitted by Defendant's management until Dukes' employment was ultimately terminated by Defendant on or about November 14, 2016.

24. Within a short period of time from when Dukes engaged in protected activities and complained about illegal discriminatory, retaliatory and sexually harassing conduct which was being permitted by management, his employment was terminated.

25. Dukes has suffered damages and continues to suffer damages as a result of Defendant's unlawful conduct and unlawful actions taken against his employment.

## COUNT I—ADA-DISABILTY DISCRIMINATION

26. Dukes hereby incorporates paragraphs one (1) through twenty-five (25) of his Complaint as if the same were set forth at length herein.

27. Defendant violated Dukes' rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12112 et. seq. by permitting discriminatory actions and comments concerning his disability and by ultimately terminating his employment due to his disability.

28. Defendant's actions were intentional, willful, and in reckless disregard of Dukes' rights as protected by the ADA.

29. Dukes has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT II—ADA-RETALIATION

30. Dukes hereby incorporates paragraphs one (1) through twenty-nine (29) of his Complaint as if the same were set forth at length herein.

31. Dukes engaged in protected activities when he complained about discriminatory treatment he was being subjected to by his managers and co-workers during his employment due to his disability. Dukes also engaged in further protected activities when he complained about the discriminatory treatment that Clairday was being subjected to by his direct supervisor and co-workers.

32. The Defendant retaliated against Dukes for his complaints about discriminatory treatment towards himself and Clairday by ultimately terminating his employment.

33. Defendant's actions were willful, intentional and done with reckless disregard for Dukes' civil rights in violation of the ADA.

34. Dukes has suffered damages as a result of Defendant's unlawful actions.

### COUNT III—TITLE VII--RETALIATION

35. Dukes hereby incorporates paragraphs one (1) through thirty-four (34) of his Complaint as if the same were set forth at length herein.

36. Dukes engaged in protected activity when he made multiple complaints about sexual harassment occurring within the Defendant's facility by his co-workers.

37. The Defendant retaliated against Dukes for his complaints about sexual harassment within the Defendant's facility by ordering that he stop making complaints to Human Resources and by ultimately terminating his employment.

38. Defendant's actions were intentional, willful, and in reckless disregard of Dukes' civil rights as protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.

39. Dukes has suffered damages as a result of Defendant's unlawful conduct.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1. Permanently stop from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her disability;

2. Reinstate Plaintiff to the position, salary and seniority level he would have enjoyed but for the Defendant's unlawful employment actions, or award him front pay in lieu thereof;

3. Pay Plaintiff's lost wages and benefits;

4. Pay to Plaintiff compensatory, consequential and punitive damages;

5. Pay to Plaintiff pre- and post-judgment interest;

6. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

7. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

/s/Benjamin R. Aylsworth
Benjamin R. Aylsworth, Attorney No. 29817-87
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana  47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: baylsworth@bdlegal.com

*Attorneys for Plaintiff, Steven Dukes*

## DEMAND FOR JURY TRIAL

The Plaintiff, Jeremy Clairday, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

/s/Benjamin R. Aylsworth
Benjamin R. Aylsworth, Attorney No. 29817-87
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana  47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: baylsworth@bdlegal.com

*Attorneys for Plaintiff, Steven Dukes*